IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROBERT H. BRAVER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-04-1013-W |
| ) | |
| **AMERIQUEST MORTGAGE COMPANY,** ) | |
| et al., ) | |
| ) | |
| **Defendant.** ) | |

## REPORT AND RECOMMENDATION

Pursuant to referral by the Honorable Lee R. West [Doc. No. 229], now before the undersigned Magistrate Judge for determination is Plaintiff's Unopposed Motion to Enter Protective Order [Doc. No. 228]. Upon review of the motion, the brief and the docket sheet in this matter, the undersigned makes the following findings:

## FINDINGS

1. A previous motion for protective order filed by Plaintiff, Robert Braver, and Defendants Ameriquest Mortgage Company and Innovative Marketing, Inc. d/b/a Lead Extreme was stricken by Judge West because of the moving parties' failure to demonstrate their compliance with Rule 26(c), Fed.R.Civ.P., and Local Civil Rule 37.1 [Doc. Nos. 69 and 70]. Specifically, while the moving parties disclosed to the court that Defendants Stecroft Holdings, Inc. d/b/a Go Apply and/or eLeadZ ("Stecroft") and The Loan Page, Inc. ("The Loan Page") had not agreed to the proposed protective order, the movants failed to demonstrate their compliance with the rules of discovery requiring an in-person, good faith meeting among counsel in an effort to reach an agreement on the contested discovery issue. *Id.*

2. On August 25, 2005, approximately one month after the initial protective order motion was stricken, Plaintiff filed his Second Amended Complaint in which he named a number of additional defendants [Doc. No. 75].

3. On September 9, 2005, Plaintiff filed a second motion for protective order, this time stating that, "Counsel for Plaintiff and Counsel for Defendants Ameriquest, Innovative Marketing, Inc., d/b/a/ Lead Extreme, Stecroft Inc., d/b/a/ Go Apply, Inc., d/b/a eLeadZ and The Loan Page, Inc., have conferred a number of times on this matter." [Doc. No. 102, p. 2]. In addition, the motion revealed that "[t]he newly added Defendants have not seen the proposed Protective Order." *Id.*

4. In accordance with Judge West's referral [Doc. No. 121], the undersigned reviewed Plaintiff's second motion to determine compliance with the applicable rules of discovery and found that, on its face, the foregoing declaration by Plaintiff's counsel fell short of the requirements of Rule 26(c) and LCvR37.1, requirements to which Judge West had previously ruled the parties must strictly adhere [Doc. Nos. 69 and 70]. Counsel for Plaintiff had not certified that a *personal, good faith* conference was conducted [Doc. No. 102]. Moreover, counsel for Defendants Stecroft and The Loan Page advised the court that no such personal, good faith conference has been held, despite the fact that counsel for Plaintiff and counsel for these Defendants officed less than two miles apart [Doc. No. 134, pp. 3 - 4]. *See* LCvR 37.1. In addition, Plaintiff's motion affirmatively acknowledged that counsel for the newly-named Defendants had not been consulted in connection with a proposed protective order, a factor suggesting that Plaintiff's motion was, at best, premature [Doc. No. 160].

5. Consequently, for the reason that Plaintiff's second motion for protective order suffered from the same defect that caused Judge West to strike the first motion and for the additional reason that such motion affirmatively failed to consider the status of the newly-named defendants in connection with the proposed protective order and yet proposed to bind them,[1] the undersigned, by order of October 12, 2005, denied Plaintiff's second motion for protective order.  *Id.*  No objection to such order was filed.  *See* LCvR72.1 (a).

6. The protective order submitted with Plaintiff's current motion applies only to specific parties who have agreed to be bound by such order [Doc. No. 228, Exhibit No. 1, p. 2].  Because not all parties have agreed to be bound by the proposed protective order, the following language has been included: "Only the parties who have executed this Stipulated Protective Order shall have access to the materials produced pursuant to this Stipulated Protective Order and only pursuant to the terms set forth herein.  A party who had not executed this Stipulated Protective Order has no right to discovery of any of the materials produced pursuant to this Protective Order until and unless the party executes this Stipulated Protective Order."  *Id.*

7. In the motion requesting the entry of the proposed protective order, counsel for Plaintiff has attested that the proposed order has been circulated among counsel for those Defendants who have thus far entered an appearance in the case and that inquiry has been made as to whether there are any objections to the entry of such order [Doc. No.

---

[1] *See* Exhibit "1" to Plaintiff's motion [Doc. No. 102].

3

228, p.3]. Counsel has further advised the court that no objections have been raised. *Id.*

8. Because no objections have been raised, the undersigned concurs with the statement by Plaintiff's counsel, *id.,* that a conference pursuant to LCvR37.1 is not required. *Id.* As was the case with Plaintiff's first motion for protective order, this motion involves parties who have neither joined in the motion nor agreed to be bound by the proposed protective order. Judge West ordered the first motion stricken because Plaintiff's counsel did not demonstrate compliance with the rules of discovery requiring a good faith meeting among counsel [Doc. Nos. 69 and 70]. Here, however, Plaintiff has shown that while there are still parties to this action that have chosen not to bound by the order, these parties have been given the opportunity to object and have not done so.

9. Plaintiff recites that the parties are withholding discovery responses and documents – including discovery relevant to pending motions challenging jurisdiction – until a protective order is entered in the case. *Id.* at 3 - 4.

9. The eighteen (18) day period within which any party shall oppose a motion has expired, and no response opposing the entry of the proposed order has been filed. *See* LCvR7.2 (f).

## **CONCLUSIONS**

In light of Judge West's referral of Plaintiff's motion "for appropriate action" [Doc. No. 229], the undersigned would normally have entered an order granting Plaintiff's motion due to the absence of any *objective* contraindication. Specifically, it has been determined that no party who has thus far entered an appearance in this case has

opposed Plaintiff's motion for the entry of the proposed protective order; that the terms of the proposed order clearly govern the discovery rights of those parties who have affirmatively chosen not to be bound by the order; that a good faith discovery conference is not required when the non-participating parties have not objected to the order after being fully advised of its terms, and that the entry of the proposed order will allow discovery, now stalled, to proceed. Nonetheless, because a protective order in which all parties are not affirmatively bound[2] is unusual and could conflict with the court's customary case management, the undersigned has opted, instead, to advise Judge West that there is no *objective* impediment to the entry of Plaintiff's proposed protective order [Doc. No. 228].

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation by February 6, 2006, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1.[3] The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report

---

[2]The docket sheet reflects that additional Defendants continue to be named and served in this action [Doc. Nos. 225 and 235]. By the terms of the proposed protective order, these new parties are not bound by the agreement but neither have they had the opportunity to object to its entry.

[3]Due to the unique posture of this motion and the fact that no party is likely to object to the undersigned's conclusion that there is no objective impediment to the entry of Plaintiff's proposed order, the time period for objections has been shortened to ten (10) days.

and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 17th day of January, 2006.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE